# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**DATADOG, INC.,**<br><br>　　Defendant. | **CIVIL ACTION NO.: 4:20-cv-167**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.  This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against Datadog, Inc. ("Datadog" or "Defendant").

## PARTIES

2.  Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3.  Datadog is a Delaware corporation with its principal place of business at 620 8th Ave., 45th Floor, New York, NY 10018. Datadog maintains offices at 7700 Windrose Ave., Plano, TX 75024. Datadog does not appear to have a Registered Agent for service of process in Texas.

## JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Defendant has an established place of business – specifically, Datadog offices – located within the Eastern District of Texas, in Plano, Texas:



8. Defendant has infringed, and does infringe, by transacting and conducting Datadog business within the Eastern District of Texas.

9. Defendant's store in Frisco, Texas is a regular and established place of business in this Judicial District, and Defendant has committed acts of infringement (as described in detail, hereinafter) within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,426,730

10. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and

Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement.  The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001.  A true and correct copy of the '730 Patent is attached as Exhibit A.

11. Defendant directly – through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, cloud-based software, software as a service (SaaS), and/or platform as a service (PaaS) (collectively, "software") for organizing, storing, searching and analyzing data across multiple networked resources – including, but not limited to, Datadog's Enterprise Infrastructure, Log Management, APM, Network, and Synthetics software systems/platforms ("Datadog Systems").

12. The Datadog Systems are the infringing instrumentality.

13. Datadog Systems are server-based, operatively couple to a plurality of networked systems and resources, and access and retrieve data from across those networked systems.

14. Datadog Systems operate via internet-based access to networked systems and data sources ("data resources").

15. Datadog Systems provide for request and query based access to data from data resources.

16. Datadog Systems process a user request or query, and responsively retrieve data from data resources.

17. Datadog Systems utilize and maintain a registry of data resources.

18.  Datadog Systems dynamically process transaction requests or queries, select data resources, and perform operations on those data resources to provide a responsive resource or result to a user.

19. Datadog Systems generate and process transaction requests for access to particular data resources, select one or more responsive data resources, and provide access to a responsive resource through a user interface.

20. Plaintiff herein restates and incorporates by reference paragraphs 11 – 19, above.

21. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within Datadog Systems.

22. Datadog Systems comprise a networked computer system that provides a resultant resource responsive to a transaction request.

23. Datadog Systems comprise transaction processing constructs.

24. Datadog Systems comprise a plurality of networked resources communicatively coupled to provide specific resources responsive to a transaction processed by Datadog Systems.

25. Datadog Systems maintain registries of networked resources and resource characteristics for use in responding to transactions requests.

26. Datadog Systems process a transaction request utilizing contextual elements related to the request.

27. Datadog Systems select one or more data resources, and performs one or more operations on those data resources to satisfy the transaction request.

28. Datadog Systems generate a resultant resource responsive to the transaction request, and deliver that resultant resource to the user, via a user interface.

29. Datadog Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent.

30. Datadog Systems literally and directly infringe – at least – claims 1, 15, and 17 of the '730 Patent.

31. Datadog Systems perform or comprise all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

32. In the alternative, Datadog Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. Datadog Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the Datadog Systems and the claims of the '730 Patent are insubstantial.

33. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, Datadog Systems and are therefore attributable to Datadog.

34. Datadog Systems, when used and/or operated in their intended manner, or as designed, infringe – at least – claims 1, 15, and 17 of the '730 Patent, and Datadog is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

February 28, 2020                         Respectfully Submitted,

By:  /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
RWBurns & Co., PLLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF**
**AKOLOUTHEO, LLC**